ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
KEVIN A. SEELY (199982)
STEVEN M. MCKANY (271405)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
        kseely@robbinsarroyo.com
        smckany@robbinsarroyo.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
JACOB M. SAUFLEY
REBECCA A. PETERSON (241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
        rkshelquist@locklaw.com
        jmsaufley@locklaw.com
        rapeterson@locklaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHANA HARRIS, Individually and on Behalf of a Class of Similarly Situated Individuals,<br><br>                        Plaintiff,<br><br>       v.<br><br>TARGET CORPORATION a Minnesota corporation, and TARGET STORES, INC., a Minnesota corporation,<br><br>                    Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR:<br>(1)  NEGLIGENT MISREPRESENTATION;<br>(2)  VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW;<br>(3)  VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT;<br>(4)  VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW;<br>(5)  BREACH OF EXPRESS WARRANTY;<br>(6)  BREACH OF IMPLIED WARRANTY;<br>(7)  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND<br>(8)  QUASI-CONTRACT.<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Shana Harris ("Plaintiff") brings this class action against defendants Target Corporation ("Target") and Target Stores, Inc. ("Target Stores, Inc.") (collectively, the "Defendants"), on her own behalf, and on behalf of a class of similarly situated individual who purchased imitation leather furniture ("Furniture"), marketed, distributed, and sold by Defendants from 2006 through the present as genuine, leather furniture.  Plaintiff alleges as follows upon personal knowledge as to herself or her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted through counsel.

## INTRODUCTION

1.    Defendants falsely advertised, marketed, and misrepresented the characteristics, qualities, attributes, and performance abilities of its Furniture, namely the "leather" ottoman sold as part of Defendants' "Global Bazaar" collection in 2006–2008, so as to induce Plaintiff and the Class (as defined herein) into making misinformed and detrimental purchases they would not have made absent Defendants' misconduct.    Defendants intentionally and negligently misrepresented the type and quality of material used to construct the Furniture and engaged in an unlawful marketing and advertising campaign calculated to gain unfair advantage over competitors conducting business lawfully.    Defendants' improper and misleading statements ultimately led Plaintiff and the Class to purchase Furniture that failed to perform as promised and resulted in injuries to Plaintiff and the Class due to decreased value and lifespan of the Furniture as well as repair and replacement costs.

2.    Plaintiff purchased the Furniture from Defendants with the intent to furnish her home with high-quality, durable, and long-lasting furniture.  Plaintiff's decision to purchase the Furniture was based on false statements within Defendants' marketing and advertising materials and upon misrepresentations that the Furniture was made from actual leather.  Plaintiff has suffered damages as a result of her reliance on Defendants' false statements and misrepresentations.

3.    The Furniture sold by Defendants is constructed of extremely low-quality materials meant to convincingly imitate a genuine leather product.  The pleather Furniture includes what appear to be high-quality double-stitching techniques of the type utilized in high-

end leather products. The mimicry of leather manufacturing techniques belies an intent to visually deceive a customer that the product is of high quality.

4. To Plaintiff's surprise, the pleather Furniture began to peel and flake away after only seven years of ownership and light use. Plaintiff remarks that the Furniture was purchased primarily for aesthetic purposes and experienced very little actual use during its lifetime. The Furniture's inability to withstand light use, to say nothing of the normal wear and tear associated with home furniture, completely undermined the purpose of Plaintiff's purchase resulted in an unusable, aesthetically displeasing ottoman in need of expensive repairs or replacement.

5. Moreover, the original marked price of Plaintiff's ottoman was in excess of $400. Such a high price is to be expected when purchasing a genuine leather product and not some poor quality pleather imitation.

6. Ultimately, Plaintiff and the Class are owners of Furniture that is not leather, despite Defendants' false statements and misrepresentations to the contrary. Their purchases resulted in significantly diminished value, durability, performance, and aesthetic appeal as compared to Defendants' representations. Plaintiff and the Class did not receive their respective benefits of their bargain. Plaintiff and the Class would have purchased actual and genuine leather furniture from one of Defendants' many competitors if not for Defendants' false statements and misrepresentations.

**PARTIES**

7. Plaintiff is a citizen and resident of Alameda County, California. Plaintiff purchased the ottoman from Defendants for use and decorative effect in her home believing the ottoman to be manufactured with long-lasting, genuine leather.

8. Defendant Target is a corporation organized under the laws of the state of Minnesota, with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota. Target has appointed CT Corporate System, with a principal place of business at 1010 Dale Street North, St. Paul, Minnesota, as its registered agent for service of process.

CLASS ACTION COMPLAINT

9.      Defendant Target Stores, Inc. is a corporation organized under the laws of the state of Minnesota, with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota.  Target Stores, Inc. does not have a registered agent.

## JURISDICTION AND VENUE

10.      This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.  Moreover, diversity of citizenship is present as Plaintiff is a citizen of California and Defendants are citizens of Minnesota.  Further, Defendants' wrongful conduct occurred within California, more than two-thirds of the Class reside within California, the action will be governed by California state law, and none of the Defendants are citizens of California.

11.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff resides, and suffered injury as a result of Defendants' acts, in this district, many of the acts and transactions giving rise to this action occurred in this district, Defendants conduct substantial business in this district, Defendants have intentionally availed themselves of the laws and markets of this district, and Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

12.      A substantial portion of the transactions and wrongdoings which gave rise to the claims in this action occurred in the county of Alameda, and as such, this action is properly assigned to the Oakland division of this Court.

## TOLLING OF STATUTE OF LIMITATIONS

13.      Any applicable statute(s) of limitations has been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein.  Plaintiff and members of the Class could not have reasonably discovered the true nature of the non-leather furniture until shortly before the commencement of this class action litigation.

14.      Plaintiff had no reason to suspect that the Furniture was not leather due to Defendants' false statements and misrepresentations to the contrary.  Around 2013, the Furniture

CLASS ACTION COMPLAINT

began to prematurely fail by flaking away in a small area. Plaintiff initially suspected that something must have spilled on the Furniture to cause to disintegrate the leather.

15.    In late 2016, the Furniture began to significantly peel, flake, and crack throughout the entire surface area.  At this time, the exterior deterioration was so signification that Plaintiff researched her repair options in order to prevent further damage and restore the ottoman to useable condition.  She quickly discovered that the repair costs vastly outweighed the full retail value of a new ottoman.

16.    Plaintiff's research in December 2016 also caused her to suspect that the Furniture was not genuine leather.

17.    Defendants were and remain under a continuing duty to disclose to Plaintiff and members of the Class the true character, quality, and nature of the pleather materials used to construct the Furniture.  Defendants were in a superior position to know the facts about the Furniture and disseminated untruthful information to the detriment of Plaintiff and members of the Class.  As a result of this active concealment through false statements and misrepresentations by Defendants, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## SUBSTANTIVE ALLEGATIONS

**Defendants Advertise, Market, Distribute, and Sell Furniture**

18.    Defendants operate an "upscale discount retailer that provides high-quality, on-trend merchandise at attractive prices in clean, spacious and guest-friendly stores" commonly known by the name Target ("Target Stores").  Defendants operate 1,816 Target Stores[1] and distribution centers throughout the United States, including seven within California.  In addition, Defendants maintain a significant online presence through a robust merchandise sales website. The website can be accessed, and goods shipped, throughout the United States.

19.    Defendants opened their first Target Store in 1962 in Roseville, Minnesota. Defendants built their reputation by selling high quality consumer merchandise at affordable

---

[1] Target Financial News Release dated 10/16/2017. http://investors.target.com/phoenix.zhtml?c=65828&p=irol-newsArticle&ID=2308784. Accessed 10/19/2017.

CLASS ACTION COMPLAINT

prices and customers trust the accuracy and quality of products advertised, marketed, distributed, and sold in both physical and online Target Stores.

20.   On October 19, 2017, Defendants' online sales website listed 3,713 different chairs, sofas, sectionals, benches, and ottomans for sale in the living room furniture category. Of that furniture, only 112 were labeled as "leather," "bonded leather," or "bicast leather."[2]

21.   Defendants advertise, market, and merchandise their Furniture in many ways including, but not limited to, print advertisements, direct mail, brochures, coupons, television advertisements, online product pages with photos and descriptions, in-store displays, price tags, and representations by employees ("Promotional Materials").

22.   Through their Promotional Materials, Defendants falsely stated and misrepresented that the Furniture was leather so as to induce Plaintiff and members of the Class to purchase it despite Defendants' knowledge that the Furniture was not leather.

**Defendants Misrepresented Certain Qualities and Characteristics of the Furniture**

23.   Defendants advertised the qualities and characteristics of its Furniture through its Promotional Materials, which were widely disseminated to consumers throughout California and the United States. Through those Promotional Materials, Defendants misled Plaintiff and members of the Class into believing that the Furniture was constructed with genuine leather and was fit for home use to function as durable, comfortable, long-lasting, aesthetically pleasing, and high-quality leather furniture.

24.   Defendants intended the Promotional Materials to induce consumers to purchase Defendants' Furniture by presenting purportedly true and accurate statements.

25.   Defendants' Promotional Materials clearly and falsely proclaimed that the Furniture was leather, when Defendants knew or should have known that to be untrue, in contravention of consumers' reasonable expectations.

26.   Through the process of negotiating, inspecting, purchasing, receiving, and importing the Furniture from the manufacturer or supplier, Defendants knew, based on

---

[2] https://www.target.com/c/living-room-furniture/-/N-5xtmf. Accessed 10/19/2017.

CLASS ACTION COMPLAINT

conversations, correspondence, and documents, that it was constructed with synthetic materials and did not contain any genuine leather.

27.     As intended by Defendants, Plaintiff and members of the Class relied on Defendants' Promotional Materials in purchasing the Furniture.   They were deceived by Defendants' false and misleading Promotional Materials and purchased the Furniture upon the mistaken belief that the Furniture was accurately represented as leather.

28.     Plaintiff and members of the Class have suffered as a result of Defendants' willful deception.

29.     Similarly, Defendants' employees affirmed and failed to correct Plaintiff on multiple occasions when she discussed the "leather" Furniture including the time of initial purchase and then later with customer service and management.   Defendants' employees also falsely represented to Plaintiff that the Furniture was leather through in-store displays.

30.     Because Defendants' Target Stores are, in the Defendants' own words, "an upscale discount retailer that provides high-quality" home furnishings and because Defendants have cultivated a trusted and reputable brand over many decades, Plaintiff and members of the Class could reasonably expect the Furniture to be high-quality, made of genuine leather, and sold at an attractive and affordable price as promised by Defendants.

31.     Plaintiff and the Class reasonably believed they were purchasing leather furniture both because Defendants Promotional Materials stated "leather" and because Defendants routinely sold, and continue to sell, genuine leather furniture products at attractive prices.

32.     Further, the full retail price of Plaintiff's ottoman was in excess of $400 and offered through Defendants' limited and exclusive Global Bazaar collection, which purported to offer quality, unique, exotic, and fresh products not typically sold by Defendants.[3]

---

[3] Barbara Thau, "Target Puts Global Bazaar on Exhibit for Six Weeks," HFN the Weekly Newspaper for the Home Furnishing Network, January 17, 2005. ©2005 MacFadden Communications Group LLC.
https://www.thefreelibrary.com/TARGET+PUTS+GLOBAL+BAZAAR+ON+EXHIBIT+FOR+SIX+WEEKS.-a0127443185.  Accessed 10/19/2017.

CLASS ACTION COMPLAINT

33.     As part of the Global Bazaar promotion, Defendants knowingly and intentionally heighten consumer expectations as to the quality of Global Bazaar products. [4]

34.     Defendants have heightened knowledge of items they negotiated, purchased, distributed, advertised, marketed, and sold as part of the Global Bazaar collection because it was a special retail program described in 2005 by Target's then Chief Financial Officer, Doug Scovanner, as "a big and bold new concept."[5]

35.     In subsequent years, the collection garnered attention from then Chief Executive Officer, Gregg Steinhafel, who indicated that the collection needed to become more affordable as sales waned.[6] However, Goldman Sachs analysts noted that prices of furniture within the collection increased 14% in 2008 as compared to 2007.[7]

36.     The affirmative statements in the Promotional Materials expressly represented that the Furniture was leather and implied that it was of superior quality and possessed certain characteristics and capabilities.  These were the exact representations Plaintiff and the Class members relied upon in deciding to purchase the Furniture.  They trust that furniture advertised as leather by Defendants can be counted upon to, in fact, be leather.  But Defendants misled Plaintiff and the Class to their financial detriment regarding the Furniture's qualities, characteristics, durability, and performance abilities.

---

[4]  https://www.youtube.com/watch?v=tob8MEwe1a0.   Television advertisement for Global Bazaar merchandise (2008).  Accessed 10/19/2017.

[5]  Barbara Thau, "Target Puts Global Bazaar on Exhibit for Six Weeks," HFN the Weekly Newspaper for the Home Furnishing Network, January 17, 2005. ©2005 MacFadden Communications Group LLC.   https://www.thefreelibrary.com/TARGET+PUTS +GLOBAL+BAZAAR+ON+EXHIBIT+FOR+SIX+WEEKS.-a0127443185.   Accessed 10/19/2017.

[6]  Barbara Thau, "Target Brings Back Global Bazaar With a More Moderate Feel," HFN the Weekly Newspaper for the Home Furnishing Network, February 5, 2007. ©2007 MacFadden Communications Group LLC.   https://www.thefreelibrary.com/Target+brings+back+Global+ Bazaar+with+a+more+moderate+feel.-a0198664717.

[7]  Barbara Thau, "Target's Global Bazaar Takes Turn Toward the Mainstream," HFN the Weekly Newspaper for the Home Furnishing Network, February 11, 2008. ©2008 MacFadden Communications Group LLC.   https://www.thefreelibrary.com/Target%27s+ Global+Bazaar+takes+turn+toward+the+mainstream.-a0198544826.  Accessed 10/19/2017.

**Plaintiff Purchased Her Furniture Based on Defendants' False Statements and Misrepresentations in the Promotional Materials.**

37.    Plaintiff purchased a single piece of Furniture from Defendants in or around 2008 for use in her home.  She purchased the Furniture from Defendants' Target Store located in San Ramon, California.

38.    Prior to the purchase, Plaintiff reviewed the in-store advertising display, which clearly and prominently described the ottoman as "leather."  After her purchase, Plaintiff noticed that the price of the ottoman had been reduced and she went back to the store to seek a price adjustment, which was accomplished with the help of a store manager who effectuated the adjustment by processing it as a return and re-sale within Defendants' point-of-sale system.

39.    Plaintiff was excited to purchase the "leather" ottoman and relied upon the in-store advertising display and the hype created by Defendants' Global Bazaar promotion, but her reliance was misplaced.  Plaintiff sought to purchase genuine leather furniture and purchased her ottoman because Defendants' told her it was leather.  If not for Defendants' false and misleading Promotional Materials and sharp business practices Plaintiff would have purchased genuine leather furniture from a different–and honest–retailer.

40.    A reasonable consumer would expect that quality leather furniture would last for several decades, if not a lifetime.  Instead, Defendants faux-leather product deteriorated after a handful of years.

41.    Defendants' false statements and misrepresentations harmed Plaintiff because she spent hard earned money on a product that turned out to be of a different and vastly inferior quality than the Promotional Materials led her to believe.  The Furniture now sits severely and irreparably damaged.  The Furniture's pleather covering now cracks, peels, and flakes onto the floor with only the slightest touch and results in an ever deteriorating, unsightly, and aesthetically displeasing piece of furniture that also creates a mess within Plaintiff's home that adds time and cost to her household chores.

CLASS ACTION COMPLAINT



42.    Upon discovering that the Furniture was cracking, peeking, and flaking Plaintiff sought to have the Furniture repaired.  During the course of her research in late 2016 she discovered the cost of any repair far outweighed the value of the ottoman.  She also became aware in December 2016 that the condition of her Furniture seemed eerily similar to complaints lodged by pleather furniture owners.  Several months thereafter, Plaintiff became aware of a lawsuit filed against Defendants related to PU, or polyurethane, Furniture, which only heightened her suspicions about the true quality and materials of her ottoman.[8]

43.    PU is a completely synthetic material used in artificial and imitation "leather" products and to call PU "leather" is patently false and misleading.  Though it can appear highly similar to leather when new, PU is not, and does not contain, genuine leather, bonded leather, or bicast leather.  Nothing in the synthetic chemical makeup of PU is actually leather.

44.    Defendants' deception is particularly problematic because customers may not have the opportunity to visually inspect the Furniture prior to purchase.  This is because the sale may occur online or, if in a Target Store, the Furniture may be boxed and not physically available for inspection.

_____

[8] 27-CV-17-8295 filed in the Fourth Judicial District of the State of Minnesota on May 30, 2017.

CLASS ACTION COMPLAINT

45.     Plaintiff could not repair the Furniture even if she so desired.  Plaintiff's research revealed that PU re-upholstery is prohibitively expensive to repair, and at a cost greater than the original furniture.  Moreover, PU furniture is notoriously difficult, if not impossible, to repair because it requires either patching the surface or complete re-upholstrering.  Patching results in mismatched color, inconsistent texture, and durability equal only to the original PU covering.   A complete re-upholstering is cost prohibitive and difficult to color-match the original furniture.  Neither option would be necessary if the Furniture were actually leather as stated in the Promotional Materials.

46.     Moreover, Plaintiff was living with the Furniture in North Carolina at the time it began to deteriorate and has been forced to undergo the hassle of storing it because it is not suitable furniture in her California residence and has no re-sale value.

47.     Plaintiff and members of the Class suffered damages as a result of purchasing the Furniture from Defendants, including premature deterioration, decreased resale value, repair costs, aesthetic inferiority, and replacement costs.

## CLASS ALLEGATIONS

48.     Plaintiff brings this action under the laws of California, and it may be properly maintained, as a state-wide class under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of a class or subclass of individuals or entities residing in each of the states in which a named Plaintiff resides.  Plaintiff's California Class is defined as:

> All persons or entities located or residing in California that purchased or owned pleather Furniture sold by Defendants from January 1, 2006 to the present. Excluded from the Class are Defendants, any entity in which Defendants have or had a controlling interest, or which has a controlling interest in Defendants, Defendants' affiliates, officers, directors, employees, legal representatives, and successors, and the Judges or Justices assigned to this case.

49.     The California Class is referred to herein as the "Class."  Plaintiff reserves the right to re-define the Class prior to class certification.

50.     Members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is currently unknown, Plaintiff believes that the total number of Class members can be ascertained through appropriate

CLASS ACTION COMPLAINT

1  discovery.  Plaintiff believes that there are thousands of members in the proposed Class.  The

2  Class is defined in such a way so that the identities of the Class members are objectively

3  ascertainable, and the identity of the Class members may be confirmed from records maintained

4  by Defendant. Additionally, some Class members may be notified of the pendency of this action

5  by mail.

6      51.   Plaintiff's claims are typical of the claims of the Class, as all members of the

7  Class are similarly affected by Defendants' wrongful conduct in violation of the California

8  Unfair Business Practices Act, California Consumer Legal Remedies Act (the "CLRA"), False

9  Advertising Act, breaches of express and implied warranties, and other applicable laws. Plaintiff

10  will fairly and adequately protect the interests of the members of the Class.  Plaintiff has no

11  relevant conflicts of interest with other members of the Class and has retained counsel competent

12  and experienced in consumer protection class action litigation.

13      52.   Common questions of law and fact exist as to all members of the Class and

14  predominate over any questions solely affecting individual members.  Questions of law and fact

15  common to the Class include whether:

16      (a)   Defendants advertised and marketed the Furniture as "leather" in their

17          Promotional Materials;

18      (b)   the Furniture is "leather";

19      (c)   Defendants knew, or should have known, that the Furniture is not

20          "leather";

21      (d)   Defendants knowingly and/or negligently misrepresented the Furniture;

22      (e)   Defendants engaged in unfair and deceptive conduct;

23      (f)   the value of the Furniture is diminished as a result Defendants'

24          misconduct; and

25      (g)   Defendants failed to take corrective action upon learning the true nature of

26          the Furniture.

27      53.   A class action is superior to all other available methods for the fair and efficient

28  adjudication of this controversy, and Plaintiff knows of no unusual problems related to

CLASS ACTION COMPLAINT

management and notice.  While the aggregate damage to the Class is significant, the damages suffered by individual Class members may be relatively small. The expense and burden of individual litigation thus make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

54.     Defendants have acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I

### Negligent Misrepresentation

55.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

56.     Plaintiff reasonably placed her trust and reliance in Defendants that the Furniture marketed, advertised, and sold to her and the Class was constructed with genuine leather.

57.     Because of the relationship between the parties, the Defendants owed a duty to use reasonable care to impart correct and reliable information within their Promotional Materials regarding the true nature of the materials used in the Furniture or, based upon their superior knowledge, having spoken, to say enough not to be misleading.

58.     Defendants breached their duty to Plaintiff and the Class by providing false, misleading, and/or deceptive information regarding the nature of the Furniture.

59.     Plaintiff and the Class reasonably and justifiably relied upon the information supplied to them by the Defendants.  As a result, Plaintiff and the Class purchased the Furniture at a premium.

60.     Defendants failed to use reasonable care in their communications and representations to Plaintiff and the Class.

CLASS ACTION COMPLAINT

61.    By virtue of Defendants' negligent misrepresentations, Plaintiff and the Class have been damaged in an amount to be proven at trial or alternatively, seek rescission and disgorgement under this Count.

## COUNT II

### Violations of the Unfair Competition Law
### (California Business & Professions Code §§17200, *Et Seq.*)

62.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

63.    The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

64.    Defendants' statements within their Promotional Materials that the Furniture is constructed with genuine leather are literally false and likely to deceive the public and, in fact, did deceive Plaintiff and members of the Class.

65.    As alleged herein, Defendants have marketed and advertised the Furniture with false statements and misrepresentations such that Defendants' actions violate at least the following laws:

- The CLRA, California Civil Code §§1750, *et seq.*; and

- The False Advertising Law, California Business & Professions Code §§17500, *et seq.*

66.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Furniture is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

67.    Defendants' conduct with respect to labeling, advertising, marketing, and sale of the Furniture is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law and the CLRA.

CLASS ACTION COMPLAINT

68.     Defendants' conduct with respect to labeling, advertising, marketing, and sale of the Furniture is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, can reasonably avoid.

69.     In accordance with the California Business & Professions Code §17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign.  Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

70.     On behalf of herself and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale of the Furniture, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## COUNT III

### Violations of the Consumer Legal Remedies Act
### (California Civil Code §§1750, *Et Seq.*)

71.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

72.     Plaintiff and each proposed Class member is a "consumer," as that term is defined in California Civil Code §1761(d).

73.     The Furniture is "goods," as that term is defined in California Civil Code §1761(a).

74.     Each Defendant is a "person" as that term is defined in California Civil Code §1761(c).

75.     Plaintiff and each proposed Class member's purchase of Furniture from Defendants constituted a "transaction," as that term is defined in California Civil Code §1761(e).

76.     Defendants' conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act;

        (a)     California Civil Code §1770(a)(5), by representing that the Furniture is leather;

(b)     California Civil Code §1770(a)(7), by representing that the Furniture was of a particular standard, quality, or grade, when it was of another;

(c)     California Civil Code §1770(a)(9), by advertising the Furniture with intent not to sell it as advertised; and

(d)     California Civil Code §1770(a)(16), by representing that the Furniture has been supplied in accordance with previous representations when it has not.

77.     As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Defendants are enjoined from using the misleading Promotional Materials described herein in any manner in connection with the marketing, advertising, or sale of the Furniture.

78.     Plaintiff seeks an award of attorney's fees pursuant to, inter alia, California Civil Code §1780(e) and California Code of Civil Procedure §1021.5.

### COUNT IV

**Violations of the False Advertising Law**
**(California Business and Professions Code §§17500, *Et Seq.*)**

79.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

80.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

81.     As set forth herein, the statements in Defendants' Promotional Materials that the Furniture is leather are literally false and likely to deceive the public.

82.     Defendants' claims that the Furniture is leather are untrue or misleading.

83.     Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

84.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase furniture in the future if she can be assured that, so long as the Defendants' Promotional Materials state "leather" that the furniture offered with actually contains leather.

85.     Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Furniture.

**COUNT V**

**Breach of Express Warranty**
**(California Commercial Code §2313)**

86.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

87.     As set forth herein, Defendants made express representations to Plaintiff and the Class that the Furniture was leather.

88.     These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

89.     There was a sale of goods from Defendants to Plaintiff and the Class members.

90.     On the basis of these express warranties, Defendants sold to Plaintiff and the Class the Furniture.

91.     Defendants knowingly breached the express warranties by clearly stating within their Promotional Materials that the Furniture was leather.

92.     Defendants were on notice of this breach as they were aware that the Furniture was constructed with synthetic pleather and contained no trace of genuine leather.

93.     Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Furniture was constructed with leather through their Promotional Materials.

94.     Plaintiff and the Class reasonably relied on the express warranties by Defendants.

95.     As a result of Defendants' breaches of their express warranties, Plaintiff and the Class sustained damages as they paid money for Furniture that was not what Defendants represented.

96.     Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

CLASS ACTION COMPLAINT

## COUNT VI

### Breach of Implied Warranty
### (California Commercial Code §2314)

97.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

98.     As set forth herein, Defendants made affirmations of fact in Promotional Materials to Plaintiff and the Class that the Furniture was constructed with leather and not synthetic materials.

99.     The Furniture did not conform to these affirmations and promises as it contained synthetic materials and not a single bit of genuine leather.

100.    These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

101.    Defendants are merchants engaging in the sale of goods to Plaintiff and the Class.

102.    There was a sale of goods from Defendants to Plaintiff and the Class members.

103.    Defendants breached the implied warranties by selling the Furniture that failed to conform to the promises or affirmations of fact made in their Promotional Materials as the Furniture contained only synthetic pleather rather than leather.

104.    Defendants were on notice of this breach as they were aware of the actual materials used to construct the Furniture.

105.    Privity exists because Defendants expressly warranted to Plaintiff and the Class through their Promotional Materials that the Furniture was leather.

106.    As a result of Defendants' breaches of their implied warranties of merchantability, Plaintiff and the Class sustained damages as they paid money for the Furniture that was not what Defendants represented.

107.    Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

CLASS ACTION COMPLAINT

## COUNT VII

### Breach of Implied Covenant of Good Faith and Fair Dealing

108.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

109.     Defendants knowingly stated that the Furniture was "leather" in their Promotional Materials.

110.     The Furniture did not conform to these affirmations and promises as it contained synthetic materials and not a single bit of genuine leather.

111.     Defendants as retailers to consumers knew that consumers like Plaintiff and members of the Class were interested in purchasing the leather furniture and sought to induce them to purchase the Furniture by misrepresenting it as "leather" in their Promotional Materials.

112.     These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

113.     By misrepresenting the Furniture as "leather" Defendants frustrated Plaintiff's rights to the benefit of the contract and undermined her principle purpose in purchasing the Furniture.  Defendants have done the same to members of the Class as they and Plaintiff were misled to believe that the Furniture was leather when it was in fact pleather.

114.     Defendants have breached the implied covenant of good faith and fair dealing.

115.     Defendants were on notice of this breach as they were aware of materials used to construct the Furniture.

116.     Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## COUNT VIII

### Quasi-Contract

117.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

118.     Defendants unjustly retained a benefit at the expense of Plaintiff and the members of the Class in the form of substantial revenues and payments from Plaintiff and the members of

the Class for the Furniture and from Defendants' conduct in misrepresenting the Furniture through their Promotional Materials.

119.    Based on the mistake, Plaintiff and the members of the Class paid for the Furniture.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.    An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.    An order enjoining Defendants from selling the Furniture in any manner suggesting or implying that it contains leather;

C.    An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Furniture;

D.    An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

E.    An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, False Advertising Law, or CLRA, plus pre- and post-judgment interest thereon;

F.    An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

G.    An order requiring Defendants to pay all actual and statutory damages permitted under the causes of action alleged herein;

H.    An order requiring Defendants to pay punitive damages on any cause of action so allowable;

1       I.     An order awarding attorneys' fees, costs, and disbursements to Plaintiff and the

2 Class; and

3       J.     An order providing for all other such equitable relief as may be just and proper.

4                    **<u>JURY DEMAND</u>**

5     Plaintiff hereby demands a trial by jury on all issues so triable.

6 Dated: October 20, 2017              ROBBINS ARROYO LLP

7

8                          /s/ *Brian J. Robbins*

9                     BRIAN J. ROBBINS
KEVIN A. SEELY

10                 STEVEN M. MCKANY
600 B Street, Suite 1900

11                 San Diego, CA 92101
Telephone: (619) 525-3990

12                 Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com

13                         kseely@robbinsarroyo.com

14                         smckany@robbinsarroyo.com

15                 LOCKRIDGE GRINDAL NAUEN PLLP
Robert K. Shelquist

16                 Jacob M. Saufley
Rebecca A. Peterson CA #241858

17                 100 South Washington Ave., Suite 2200

18                 Minneapolis, MN 55401
Telephone: 612-339-6900

19                 Facsimile: 612-339-0981
E-mail: rkshelquist@locklaw.com

20                         jmsaufley@locklaw.com

21                         rapeterson@locklaw.com

22                 Attorneys for Plaintiff

23

24

25

26

27 1217767

28

CLASS ACTION COMPLAINT